**Odie FIELDS, et al., Appellants,**

v.

**Carl E. ANDERSON and Walter & Haverfield, P.L.L., A Partnership with Limited Liability for the Practice of Law, Appellees.**

**No. 01–7032.**

United States Court of Appeals, District of Columbia Circuit.

Oct. 15, 2001.

Before ROGERS and TATEL, Circuit Judges; WILLIAMS, Senior Circuit Judge.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. *See* Fed. R.App. P. 36; D.C.Cir. Rule 36(b). It is

ORDERED AND ADJUDGED that the district court's judgment, filed January 24, 2001, be affirmed. An essential element of appellants' cause of action for legal malpractice—harm resulting from counsel's conduct—has already been determined against appellants in *Thomas v. Albright,* 139 F.3d 227, 229 (D.C.Cir.1998), *aff'g in part and rev'g in part Thomas v. Christopher,* 169 F.R.D. 224 (D.D.C.1996). This court has previously determined that there was no basis for certifying a class under Rule 23(b)(3). *See Thomas,* 139 F.3d at 236. The malpractice action could only survive if that determination were relitigated and found to be incorrect. Accordingly, the doctrine of issue preclusion bars appellants' action. *See Thomas v. Powell,* 247 F.3d 260, 262–65 (D.C.Cir.2001), *aff'g Thomas v. Albright,* 77 F.Supp.2d 114 (D.D.C.1999).

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.